IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Dallas Buyers Club, LLC | ) |
| | ) |
| | ) Case No.: 14-cv-00248 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOES 1- 31, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Dallas Buyers Club, LLC, by and through its undersigned counsel, for and as its Complaint against Defendants, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Law of the United States (17 U.S.C. §101 et seq.). As set forth in greater detail below, this action involves the unauthorized acquisition and transfer of the copyrighted motion picture "Dallas Buyers Club" by Defendants that is currently playing in theaters and has received widespread critical acclaim (hereinafter the "MOVIE"). The MOVIE garnered six Academy Award nominations. Its Oscar nominations include Best Motion Picture of the Year, Best Performance by an Actor in a Leading Role by Matthew McConaughey, Best Performance by an Actor in a Supporting Role by Jared Leto, Best Writing Original Screen Play and two other nominations. Prior to its Oscar nominations, the MOVIE won Golden Globes for Best Performance by an Actor in a Motion Picture by Matthew McConaughey and Best Performance by an Actor in a Supporting Role in a Motion Picture by Jared Leto.

2. This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright). In addition, the defendants reside in this Division and elsewhere in this Judicial District.

3. The manner of the transfer and copying of the MOVIE is accomplished by using a network called a "BitTorrent protocol" or "torrent," which is different than the standard Peer-to-Peer ("P2P") protocol. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers for copying large files such as movies. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") and the network connect to the seed file to download a movie. As additional peers request the same file, each additional user knowingly becomes a part of the network from which the file can be downloaded. Each new file downloader receives a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network intentionally also becomes a source of download for that infringing file.

4. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is stealing copyrighted material from many Internet Service Providers ("ISPs") in numerous

jurisdictions.

5. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as exclusive rights owner, within this District, reproduced, distributed and offered to distribute among other Defendants over the Internet the copyrighted MOVIE for which Plaintiff has exclusive rights.

6. Geolocation technology was used to trace the Internet Protocol ("IP") addresses of each Defendant to a point of origin within this District. On information and belief, each Defendant has an IP address based in this District and resides in or committed copyright infringement in this District.

7. Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief, Defendants reside in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted MOVIE. Defendants' infringements allow them and others unlawfully to obtain and distribute an unauthorized copy of the MOVIE for free. Each time a Defendant unlawfully distributes a free copy of Plaintiff's copyrighted MOVIE to others over the Internet, each person who copies the MOVIE then distributes the unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this infringement of its exclusive rights.

9. Plaintiff is the owner of the copyright and/or the pertinent exclusive rights under copyright in the United States in the MOVIE that has been unlawfully distributed over the Internet by Defendants.

10. The true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider and the date and the time at which the infringing activity of each Defendant was observed. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and will permit Plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

## COUNT I
## COPYRIGHT INFRINGEMENT

11. The MOVIE, at the time of the infringement, was showing in theaters throughout the U.S. As a result, the MOVIE has significant value and has been produced and created at considerable expense.

12. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted MOVIE, including derivative works.  The copyrighted MOVIE is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. (Exhibit A)

13. The copyrighted MOVIE includes a copyright notice advising the viewer that the motion picture is protected by the Copyright Laws.

14. Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the copyrighted MOVIE. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and the time at which the infringing activity of each Defendant was observed. (Exhibit B) Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.).*

15. On information and belief, each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's copyrighted MOVIE in digital form with other Defendants. In particular, on information and belief, Defendants participated in a collective and interdependent manner with other Defendants via the Internet for the unlawful purpose of reproducing, exchanging and distributing copyrighted material unique to the swarm.

16. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

17. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

18. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all unauthorized

copies of the copyrighted MOVIE.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against each Defendant and relief as follows:

    A.    For entry of permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted MOVIE, including without limitation by using the Internet to reproduce or copy Plaintiff's MOVIE, to distribute Plaintiff's MOVIE, or to make Plaintiff's MOVIE available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Each Defendant also shall destroy all copies of Plaintiff's MOVIE that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded MOVIE transferred onto any physical medium or device in each Defendant's possession, custody or control.

    B.    For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

    C.    For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial.

    D.    For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all

infringing copies of Plaintiff's MOVIE which are in Defendants' possession or under their control.

E. For Judgment in favor of Plaintiff and against Defendants awarding Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action.

F. For Judgment in favor of Plaintiff against Defendants, awarding Plaintiff such further declaratory and injunctive relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: February 3, 2014          Respectfully submitted,

Dallas Buyers Club, LLC


By:    s/ Keith A. Vogt
       Keith A. Vogt (Bar No. 6207971)
       Takiguchi & Vogt, LLP
       1415 West 22nd Street, Tower Floor
       Oakbrook, IL 60523
       (630) 974-5707
       KVogt@takiguchiandvogt.com
       Attorney for Plaintiff