United States District Court
Southern District of Texas
FILED

MAY 2 3 2014

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

Civil Case No. 4:14-cv-00248

Dallas Buyers Club, LLC

      Plaintiff,

v.

Does 1-31

**DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Jim Denison ("Defendant") is identified in Plaintiff's complaint as the Internet Service Provider (ISP) subscriber assigned Internet Protocol ("IP") address 98.200.10.13, John Doe # 12. I am representing myself *Pro Se* in this matter before the Court. I understand that *Pro Se* litigants are required to follow the same rules and procedures as litigants represented by attorneys as seen in *Nielson v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). I will abide by these

rules and procedures, but ask the courts indulgence as I'm not a lawyer. I hereby answer the Complaint of Dallas Buyers Club, LLC ("Plaintiff") as follows:

### Jurisdiction and Venue

1. Defendant avers that Paragraph 1 of the Complaint makes statements that do not require a response, except that Defendant agrees that Plaintiff is seeking relief under the Copyright Act (Title 17 U.S.C. § 101 et seq).

2. Defendant denies the Plaintiff's allegations in Paragraph 2, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

3. Defendant denies the Plaintiff's allegations in Paragraph 3, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

4. Defendant denies the Plaintiff's allegations in Paragraph 4, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

5. Defendant denies the Plaintiff's allegations in Paragraph 5, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

6.Defendant denies the Plaintiff's allegations in Paragraph 6, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

7.Defendant denies the Plaintiff's allegations in Paragraph 7, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations

## The Parties

1.Defendant denies the Plaintiff's allegations in Paragraph 8.  Plaintiff has not taken any reasonable steps to "stop Defendants from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted MOVIE."  Since it recorded the first alleged infringement on 4 Jan 2014, Plaintiff has not sent any Digital Millennium Copyright Act (DMCA) take-down notices to the ISPs identified in Exhibit B of the complaint.  Defendant is an ISP subscriber of Comcast, which has DMCA representative on file with the US Copyright Office.  The alleged infringement Plaintiff claims is exactly what the DMCA take down notice was designed for.  Plaintiff should have sent a DMCA take down notice to Defendants ISP as soon as the offending IP address was noted by its technical monitoring personnel on 1/6/2014.  The ISP would have forwarded the DMCA take down notice to ISP subscriber (Defendant) as a normal course of its legal requirement to maintain its "safe harbor" status in accordance with the Online Copyright Infringement Liability Limitation Act.  Plaintiff instead chose to allow this alleged

infringement activity to persist for over 4 months without taking any reasonable protective steps to limit the continuing infringement. As Plaintiff waited until Early Discovery was authorized (ECF # ), Defendant and the ISP were not notified of the alleged infringement on Defendants' public IP address until April 2, 2014. Had defendant been notified in a timely manner, he would have taken steps to determine if the activity was happening on his network and to ensure the activity stopped. As Plaintiff claims the unabated copyright infringement of its movies cause significant damage, sending DMCA notices is a reasonable and necessary step (due diligence) to take.

2.Defendant denies the Plaintiff's allegations in Paragraph 9, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

3.Defendant denies the Plaintiff's allegations in Paragraph 10. Defendant's ISP can ONLY identify the ISP subscriber (person who pays the ISP bill) and not who allegedly downloaded/shared Plaintiff's movies. Plaintiff infers Defendant is the alleged offender with no other facts than he pays the ISP bill. Plaintiff can only claim that Defendant is "the most likely infringer" based on the fact that he pays for the Internet service. Plaintiff has done NO further investigative efforts to get past "the most likely infringer" fallacy and attempt to identify the true infringer.

**Count 1 - Copyright Infringement**

1.Defendant denies the Plaintiff's allegations in Paragraph 11, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

2.Defendant denies the Plaintiff's allegations in Paragraph 12, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

3.Defendant denies the Plaintiff's allegations in Paragraph 13, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

4.Defendant denies the Plaintiff's allegations in Paragraph 14. Defendant has not used "an online media distribution system to reproduce and distribute" Plaintiff's copyright protected movie. Defendant's ISP can ONLY identify the ISP subscriber (person who pays the ISP bill) and not who allegedly downloaded/shared Plaintiff's movie. Plaintiff infers Defendant is the alleged offender with no other facts than he pays the ISP bill.

5.Defendant denies the Plaintiff's allegations in Paragraph 15.

6.Defendant denies the Plaintiff's allegations in Paragraph 16.

7.Defendant denies the Plaintiff's allegations in Paragraph 17, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

8. Defendant denies the Plaintiff's allegations in Paragraph 18, because the Plaintiff has voluntarily chosen not to mitigate the alleged damages it claims cannot be fully "compensated or measured in money." The simple and effective act of sending out DMCA take-down notices to the ISPs and ISP subscribers (Defendants) in Exhibit B is an "adequate remedy at law," which Plaintiff claims does not exist.

## Defenses

### FIRST DEFENSE
### DECLATORY JUDGEMENT

1. Plaintiff incorrectly alleges that Defendant willfully infringed their exclusive rights under United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2. Defendant has not infringed the copyrights of Plaintiff nor violated and exclusive rights held by Plaintiff under the aforementioned statutes. <u>Defendant does not nor has never owned a computer with a Bit Torrent client installed on it as alleged by Plaintiff in the Complaint</u>. Thus, the defendant denies the allegations of copyright infringement raised by Plaintiff.

3. Defendant is entitled to a declaration as a matter of law that Defendant has not infringed

any of the exclusive rights alleged to be held by Plaintiff.

## SECOND DEFENSE

### Rule 12(b)(6), Fed. R. Civ. P.

1. Defendant argues that Plaintiff has failed to state a sufficient factual basis to constitute a cause of action and therefore requests a dismissal of Plaintiff's Complaint.

2. Because Plaintiff is unable to demonstrate the ISP subscriber (Defendant) committed a volitional act of infringement Plaintiff is wrongfully suing Defendant.

3. Plaintiff is unable to prove Defendant's alleged activities even constituted an act of infringement because it cannot be demonstrated based on the evidence provided that the Defendant made a complete copy of the work alleged by Plaintiff. Exhibit B only shows that Defendant's public IP address was observed for one second on 01-06-2014.

## THIRD DEFENSE

### De Minimis Non Curat Lex

1. Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis non curat lex (the law cares not for trifle) or *de minimis* use.

2. Any infringing activity using Defendants's Internet connection was momentary at best,

and Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by Defendant. Plaintiff alleges that Defendants public IP address was observed for one second on 01-06-2014 (Exhibit B).

## FOURTH DEFENSE
### Failure to Mitigate Damages

1. Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's Complaint because Plaintiff has failed to take the reasonable and necessary steps to mitigate any damages. Plaintiff has not sent out DMCA take-down notices to the ISPs and ISP subscriber it alleges copyright infringement against. Plaintiff also waited until 27 Jan 14, to send a DMCA take-down notice to Google, to remove search engine results for infringing copies of the copyright protected movie.

## FIFTH DEFENSE
### Innocent Infringement

1. Notwithstanding any other defenses disclosed herein or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because other unknown

personnel used his Internet connect without his knowledge or consent, thus his actions were not "willful" and he acted in good-faith.

## SIXTH DEFENSE

### Barring of Statutory Damages and Attorney's Fees

1. Plaintiff's claim for statutory damages is barred by the U.S. Constitution. Amongst other rights, the Fifth Amendment right to due process bars Plaintiff's claim. As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13,22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 377 F. Supp. 2d 796, 77 U.S.P.Q.2d 1833, (N.D. Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." *Id*. If all of Plaintiff's settlements for infringement of the works in question are added together, the damages likely exceed beyond the statutory maximum allowed by the copyright statute.

## SEVENTH DEFENSE

### Failure to Join an Indispensible Party

1. Defendant asserts the affirmative defense of failure to join an indispensable party, in that

Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff. Defendant was simply the ISP subscriber responsible for paying for Internet access (ISP subscriber) and not the infringer of Plaintiff's works. Plaintiff failed to conduct any significant investigation to truly identify the individual(s) who allegedly engaged in the downloading/sharing in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Plaintiff has simply collected public IP addresses, identified who paid for the Internet service (ISP subscriber), and then sued them in an effort to obtain a settlement for thousands of dollars. For failing to conduct a due diligence investigation and join the indispensible party, Plaintiff's complaint should be dismissed with prejudice as to Defendant.

## EITHTH DEFENSE

### Communication Decency Act

1. As Defendant stated he did not infringe upon Plaintiff's work and other unknown personnel are responsible, Communication Decency Act (DCA), 47 USC, section 230, immunizes ISPs and their subscribers from causes of actions stemming from the action of a third party (unknown infringer) over their network connection.

## NINTH DEFENSE

### License, Consent, and Acquiescence

1. Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via Bit Torrent.

## TENTH DEFENSE

### Injunctive Relief

1. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable.

2. Pursuant to FRCP Rule 11, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts are not yet available after reasonable inquiry upon the filing of Defendant's answer to the present Complaint, and therefore, Defendant reserves the right to amend its answer to allege additional defenses and affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendant having fully answered and pled to the causes of actions herein, Defendant requests a jury trial on the claims herein insofar as they can be properly heard by a jury and an order granting the following relief:

   a. For entry of a permanent injunction preventing Plaintiff from naming defendant's in this BitTorrent copyright infringement case and future ones

base only on the fact that the ISP subscriber pays the Internet service bill. Plaintiff should be enjoined to conduct at least a basic investigation, to include depositions to determine who the actual infringer is. Naming a defendant based only on whom the ISP records disclose as the bill payer is wildly irresponsible.

b. Request the court "on its own" issue a show cause order (FRCP 11(c)(3)) to Plaintiff as to why it should not be sanctioned for providing factual contentions that have no evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

c. Request that if the court finds that Plaintiff violated FRCP 11(b), appropriate sanctions are imposed to deter future conduct by this Plaintiff or others Plaintiffs filing similar BitTorrent copyright infringement law suits.

d. A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court.

DATED: *May 18*, 2014

        Respectfully submitted,

        Jim Denison

By: _____

        Jim Denison

        9634 Crestwater Cir.

        Magnolia, Texas, 773545

        Telephone: 281-850-2397

        jimswayne@aol.com

# Fax Transmittal Form

**To**

ATTN: David J. Bradley
CC: Beverly White

**From**

Jim Denison

Phone: 281-850-2397
Email: jimswayne@aol.com.com

Number of pages including cover:
15

**RE: Dallas Buyer Club, LLC v. Does 1-31**
**United States District Court for the Southern District of Texas**
**Docket No.: 4:14-cv-00248**
**Order Entered: April 2, 2014**
**Comcast File # 549746**